**JENNINGS, ESTATE OF, In Re.**

Probate Court, Cuyahoga County.

No. 294047.   Decided February 21, 1944.

Duncan, Leckie, McCreary, Schlitz & Hinslea, Cleveland, for exceptor.

Aubrey A. Wendt, Assistant Atty. Genl., Columbus, for Department of Taxation.

**OPINION**

By BREWER, J.

Gilbert P. Jennings died testate on April 17, 1941, and The National City Bank of Cleveland was appointed executor of said decedent's will on May 2, 1941. Thereafter, on August 1st, 1941, the executor filed an application for determination of the inheritance tax payable on the successions to said estate and the tax thereon was duly determined and paid.

The said Gilbert P. Jennings, during his lifetime, made several gifts to various organizations, and these gifts were listed in the supplemental application for determination of the inheritance tax, if any, payable thereon, which was filed in this Court on February 15th, 1943. The beneficiaries of these gifts and the tax assessed on each, are as follows:

| | |
|---|---|
| Sisters of St. Joseph | $ 700.00 |
| Holy Cross College | 182.00 |
| St. Agnes Church | 1456.00 |
| Society of The Divine Word | 140.00 |
| Province of the Immaculate Conception | 70.00 |
| Marianhill Mission Society | 70.00 |
| St. Mary's Seminary | 70.00 |
| Servite Fathers | 70.00 |
| Missionary Servants of The Most Holy Trinity | 70.00 |
| The Catholic Church Extension Society | 700.00 |
| Seminary of Our Lady of The Lake | 72.80 |

The Court assessed the tax on these gifts as transfers made in contemplation of death. In the order determining the tax the executor was ordered to pay the tax, as will appear from the following quotation:

"The Court further finds that the persons entitled to succeed to said estate, their ages when material, their relationship, if any, to the decedent, the value of the succession to which each is entitled; the exemption allowed each, the balance of each succession subject to the tax, the amount of the tax to which each is liable, the person by whom such tax should be paid, and the township or municipality in which such tax originates are as follows: * * *

**Persons by Whom Tax Should be Paid**

The National City Bank of Cleveland, Extr.

J. H. O'Connor, Trust Officer,

Cleveland, Ohio."

The executor filed exceptions to the determination of the tax. The exceptor bases its exceptions on the grounds that none of the donees of said gifts is a beneficiary under the decedent's will, and that the executor at no time had in its possession, or under its control, any funds, property, or any assets of any kind whatsoever belonging to the donees; that the Court, neverthless, found that the exceptor, The National City Bank of Cleveland, as executor of the will of the said Gilbert P. Jennings, deceased, was the person by whom all of the aforementioned taxes should be paid, and failed to find that each of the donees should pay the tax assessed against its succession and that such assessment of the tax was erroneous; that none of the taxes which were determined to be payable on the successions listed in said supplemental application are payable by or should be paid by the exceptor; and that said executor is not liable therefor; that the liability for payment of the taxes rests upon each and every transferee, to the extent of the tax assessed on the succession which passed to him; and that the order of February 15th, 1943, should be amended by striking out therefrom, the name of The National City Bank, executor, as the person by whom the tax should be paid, and substituting therefor the names of the transferees who received the gifts as the persons liable for the tax and by whom it should be paid.

The issues raised by these exceptions are: In the determination of the inheritance tax in an estate in which part of the successions consists of gifts or transfers of property made by the decedent prior to death, is the executor personally liable for the payment of the tax; and: Is the executor authorized to pay taxes assessed against transfers made in contemplation of death out of the residuum of the estate?

Under §5336 GC, it is the duty of the executor to pay the inheritance taxes. It says:

"Such taxes shall be and remain a lien upon the property passing until paid, and the successor and executors or administrators of the general estate of the decedent, and the trustees of such property shall be personally liable for all such taxes, with interest as hereinafter provided, until they shall have been paid as hereinafter directed."

The executor contends that the statute obligates the executor to deduct the amount of the inheritance tax assessed

against the succession of a beneficiary from any funds or property in his possession belonging to the beneficiary, and that the executor is personally liable only to the extent that he makes distribution without deducting the tax. This appears to be a just and reasonable construction of the statute, for the reason that it is not likely that the statute intends that the executor should ever pay the inheriance taxes out of his own property, except in case he fail to deduct the taxes before paying over the legacy to the beneficiary.

The exceptor cites as to the prevailing rule of law in respect to the personal liability of the executor or administrator in the payment of inheritance taxes, where the fiduciary never had possession of the property, which is the subject of the succession, and where there is no statute applicable, the statement made in 128 A. L. R. 125, which is:

"Where an executor, administrator or trustee never had possession of the property constituting a legacy, devise, or other distributive share of the decedent's estate, it has been held in the majority of cases that such legal representative was not personally liable for the succession tax thereon."

There is, however, an exception to this principle where other property passing to the same beneficiary is available to the executor to reimburse himself for the tax, in which case he has been held liable for this payment.

In **Wellman v Trust Company, 107 Oh St 267,** the Supreme Court, in construing the provisions of the inheritance tax law on page 275 said this:

"These various provisions would warrant the construction that both the primary and ultimate liability to pay the taxes was upon the respective beneficiaries, and that the liability imposed upon the administrator, executor or trustee was imposed for the purpose of insuring his performance of his duty in the collection of the tax from the various beneficiaries, and could the act be made to work in such a way as to secure payment of the taxes by the beneficiary forthwith out of the property passing, we would hold to such effect."

It was held by the Supreme Court of Ohio in the case of **Wonderly v Tax Commission, 112 Oh St 233,** that the inheritance tax statutes of Ohio were probably modeled after the

New York Transfer Tax Law which was in effect prior to September 1st, 1930. Therefore, the construction of the New York law just mentioned by the courts of New York should be very helpful in construing similar provisions of the Ohio law. Among the provisions contained in the old New York law on which the Ohio statutes are based, is one which requires the executor to obtain a receipt evidencing payment of the tax. This provides:

"No executor, administrator or trustee shall be entitled to a final accounting of an estate in settlement of which a tax is due under the provisions of this article unless he shall produce a final receipt so signed and sealed, or countersigned and sealed, or a certified copy thereof."

In the case of In re Meyer, 209 N. Y. 386, the principal asset of the estate consisted of an equity of redemption in certain real property encumbered by a mortgage. This equity was appraised for the purpose of the inheritance tax in the sum of $8,000, but before the administration of the estate was completed, the mortgage was foreclosed and the real property was sold for the amount due on the mortgage. The equity of redemption was thereby destroyed. The Court held that:

"Where the executor has been unable to collect the tax imposed under the transfer tax law from the property transferred, through the destruction of the property or the obliteration of the value during the process of administration without fault upon his part, the executor is not personally liable for the tax."

The principle thus expressed should apply just as well and with the same effect to cases where the executor never had the property that is the subject of the succession, in his possession or under his control.

The State of Montana has an inheritance tax law similar to the Ohio law, and like our law, is patterned after the old New York law. The Montana statute has a provision similar to that contained in the Ohio statute, which makes the tax a lien on the property passing until paid, and also provides that the executor, administrator or trustee shall be personally liable for the tax until it is paid.

In the case of In re Powell's Estate, 110 Montana 213, 101 P. (2d), 54, J. D. Powell purchased from the Mutual Life In-

surance Company of New York, an annuity contract on December 6th, 1935, and by the terms of the agreement between the insurance company and said decedent it was agreed that if at the time of death the discounted value of the policy exceeded the sum of $3,000, the sum of $1,000 of such amount was to be paid to Bessie Mildred Welch, and $2,000 of such excess amount was to be paid to Helena Viola Harding, nieces of the said J. D. Powell, deceased. Said J. D. Powell died on the 18th of August, 1938, and at the time of his death the discounted value of said policy was in excess of $3,000. Neither of said nieces was an heir at law of said decedent, and neither of them was entitled to share otherwise in the estate remaining for distribution or any of the assets of the estate collected or received by the administrator.

The Supreme Court of Montana held that the administrator could not be held personally liable for the tax on the money paid to the nieces, since he never came into possession of the money and could not deduct the amount of the taxes from the distributive share of the heirs at law.

As to the next question raised by the exceptions, whether or not taxes assessed on gifts made in contemplation of death may be paid out of the residuum of the estate, the exceptor argues that, "He (the executor) has no right to use funds belonging to other legatees for the purpose of paying a tax on the transfer made prior to death, unless the transferee is also a beneficiary under the will, and then only to the extent of such transferee's interest in the estate", and that "Where, as here, the executor has never held any funds belonging to the transferee, he has nothing out of which to pay the tax".

Inasmuch as there are two types of inheritance tax, one a succession and the other an estates tax, differing in their natures and in their applications, it might be well for the sake of clarity, briefly, to point out the difference between these two types. The distinction between these two kinds of taxes is simple. The succession tax is a tax levied on the right to receive property, and the estates tax is a tax levied on the right to transmit property. The Ohio inheritance tax is a succession tax imposed on the successions to estates. The statute itself determines the nature of the tax. It says:

"5332 G. C. Property on which tax levied. A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases."

In **Wonderly v Tax Commission, 112 Oh St 233,** the Court held that the Ohio inheritance tax is a tax on the right to receive property, and not on the property itself. See also **In re Parmelee, 7 OO 461.**

It appears, therefore, that inasmuch as the succession tax is a tax on the right or privilege of an individual and is imposed on each individual succession, that the primary liability for the payment of the tax is that of the successors and that the liability of the executor or administrator is secondary. Our Attorney General has so held. A. G. O. 1921, page 99.

In the case at bar the tax was imposed on gifts made in contemplation of death, the property that was transferred never came into the possession of the executor. Is the executor, in view of this situation, liable for the tax, and if so, can the executor pay the tax out of the residuum of the estate still in his possession?

The attorney for the Department of Taxation contends that the tax assessed against transfers of property made in contemplation of death should be paid out of the residuum of the estate. He bases his argument on the ground that under §5332 GC, ¶3 (a), an inheritance tax is levied on a gift made in contemplation of death, and that under §5336 GC, the executor must deduct the taxes assessed from any property in his possession which may be subject to the inheritance taxes, or collect the same from the person entitled thereto, and that if such person refuses to pay, he, (the executor) may sell so much of the estate of the decedent as will enable him to pay said taxes in like manner as he would be empowered to do, for the payment of the debts of the decedent; that the phrase, "said taxes" refers back to the language used in the opening sentence of §5336, which is, "Taxes levied under this subdivision of this chapter shall be due and payable at the time of the succession, etc.", and that such taxes include the levies or gifts made in contemplation of death, as well as all other taxes levied under §5332 GC, and, that, therefore, such taxes are thereby included in the same category as debts of the decedent; and that the executor, in addition to the right to collect from the donees, may sell so much of the decedent's estate as will enable him to pay all the taxes levied under §5332 GC, including the portion levied by reason of gifts made in contemplation of death.

The attorney for the Department of Taxation cites in support of this thesis, Deutz's Estate, 105 N. J. Eq. 671 (149 Atl. 257)

in which the situation was analogous to that of the case at bar. Henry Deutz was a resident of New Jersey. In assessing the tax due from the estate under the Transfer Inheritance Tax Act of the State of New Jersey, the comptroller included an item of $1,195.32 for tax assessed on an alleged transfer from the decedent to his brother, Joseph, one-half the good will of a partnership between the two brothers (which one-half share of good will was appraised at $23,906.47). Said decedent and his brother entered into a partnership in 1919, in Mexico. Business was carried on in Mexico by Joseph as the active partner. Said decedent was an inactive partner and lived in the State of New Jersey. The partnership agreement continued until the death of Henry Deutz. Under the partnership agreement the partnership did not dissolve at the death of one partner; after such death, the partnership assets were to be owned by the surviving partner and the legal representative of the deceased partner; the proportionate share or fractional interest in the partnership assets owned by the legal representative of the deceased partner being reduced annually by the payments to be made by the surviving partner. The total partnership capital was to be determined by a balance to be arrived at on an account stated by the surviving partner and the legal representative of the deceased partner. This account was stated and the balance arrived at between the surviving partner and the administrator of the estate of Henry some seven weeks after Henry's death. This balance sheet showed the decedent's share of the capital to be $153,228.61, Mexican, or $76,614.31, United States. The assets specified on this balance sheet included only merchandise inventory, furniture and fixtures, real estate, cash and accounts receivable. No item of good will was included. In the comptroller's computation and assessment of transfer inheritance tax with respect to the estate of Henry, he determined that the partnership did have a valuable good will, which was appraised at $47,812.94, United States, and he, therefore, added this item to the assets of the balance sheet and thus increased the net assets by the same amount. He determined that by virtue of the provisions of the partnership agreement, the entire good will at the decedent's death became the property of the surviving partner, without any compensation or allowance therefor to the decedent's estate. Accordingly, he assessed the tax of $1,195.32, as on a transfer to the surviving partner of one-half the good will. From this assessment the administrator of

Henry Deutz's estate appealed. The Court, in its opinion, said on page 680:

"The final contention of the appellant is that the tax, if otherwise valid, should not be levied against the appellant administrator. This contention is based on the fact that it is the surviving partner who gets the decedent's interest in the good will, and that it is he who should pay the tax, but that appellant has no property passing to the surviving partner out of which to collect the tax, nor any other means of collecting it from him.

It is true that section seven of the statute provides that an administrator shall deduct the tax before paying over any legacy or distributive share; but it does not say that the tax is not collectible by the state unless the administrator is able to deduct the tax in that way. On the contrary it is provided in the sixth paragraph of section one that administrators and executors of a decedent shall be personally liable for all taxes under the act until they have been paid; and in section 5, that all taxes shall be a lien on all the decedent's property until paid or seemed to be paid. It is quite clear that the legislature intended that the decedent's estate should pay the tax whether or not it was collectible from the legatee, distributee or donee, etc.

This the state has a perfect right to do. The tax is on the transfer, not on the property received by the legatee or donee. Decedent makes the transfer, and the tax is properly collectible out of decedent's estate. If, by reason of the location of the property, and the particular circumstances of the transfer, the tax cannot be collected by the administrator from the recipient of the property, it amounts, in effect, to precisely the same thing as if the decedent had given a legacy by will and directed that the tax thereon be not deducted therefrom but be paid out of the residuary estate. That is what must happen here. The administrator must pay the tax, and if he cannot collect it from the surviving partner, the residuary estate is diminished pro tanto."

This case might be persuasive except for the fact that the New Jersey statute differs in a marked degree from the Ohio statute, and also from the New York act on which it was modeled. For the sake of pointing out the difference between the

New Jersey Act and the Ohio statute, the material portion of the New Jersey Act will be quoted. It is as follows:

"Taxes levied under Chapters 33 to 36 of this title shall be and remain a lien on all property owned by the decedent as of the date of his death until paid or secured by bond, as provided by said Chapters 33 to 36."

**Section 5332 GC**, levies a tax on the succession to any property passing in trust, or otherwise, to or for the use of a person, institution or corporation in the following cases: * * *

3 (a) In contemplation of death, etc., §5332 GC provides for the assessment of the inheritance tax, but §5336 GC provides for its collection:

"Section 5336. When taxes are due and payable. Taxes levied under this subdivision of this chapter shall be due and payable at the time of the succession, except as herein otherwise provided, but in no case prior to the death of the decedent. * * *

Taxes a lien. Such taxes shall be and remain a lien on the property passing until paid, and the successor and the executors or administrators of the general estate of the decedent, and the trustees of such property shall be personally liable for all such taxes, with interest as hereinafter provided, until they shall have been paid as hereinafter directed.

Executor, etc., to collect. Such an administrator, executor or trustee, having in charge or trust for distribution any property, the succession to which is subject to such taxes, shall deduct the taxes therefrom, or collect the same from the person entitled thereto.

May sell estate to pay. He may sell so much of the estate of the decedent as will enable him to pay said taxes in a like manner as he would be empowered to do for the payment of the debts of the decedent."

Hence, it appears that the New Jersey Act makes all of the inheritance taxes a lien on all of the decedent's property which he owned at the time of his death; whereas, the Ohio statute makes the inheritance tax a lien only on the property which was transferred, or, in the language of the statute, "on the property passing". There is nothing in the Ohio statute, as there is in the New Jersey Act, which indicates that the inheri-

tance tax assessed on a gift made in contemplation of death is a lien on the estate owned by the decedent at the time of his death.

Whether or not the executor may resort to the residuum of the decedent's estate for the purpose of paying the inheritance tax assessed on gifts made in contemplation of death has never been decided by any Court in Ohio. There are, however, a few cases which, although they do not decide the point at issue, do, nevertheless, indicate the trend of opinion. One of these is the case of **Kingray v Oldfather, 10 OO 524,** at pages 528-529. In this case a suit was brought in the Probate Court of Montgomery County, Ohio, for the purpose of selling land to pay the inheritance tax. In construing §5336 GC, the Court held that the inheritance tax is not a debt within the meaning of §10512-2 GC, which authorizes the sale of land to pay debts, but that the administrator could sell the land to pay the inheritance tax in the same manner as though the inheritance tax were a debt. The Court further held, however, that the administrator could sell the land under §5336 GC "only for the purpose of paying the inheritance tax assessed against the particular property sought to be sold". The Court said, **10 OO 528,**

"In construing §5336, this Court holds that the authority given to the administrator to sell so much of the estate of the decedent as will enable him to pay the inheritance taxes grants to him the authority to sell only that portion on which the inheritance tax is assessed. The administrator has no authority to sell the lands passing under a succession to one devisee for the purpose of discharging the inheritance tax claim on other lands passing under another succession to another devisee. Therefore, this petitioner will not be permitted to sell other tracts of real estate passing to other beneficiaries on which the inheritance tax which remained unpaid was not assessed."

Another one of these cases is the case of **In re Estate of John Rutherford, 16 OO 202.** In this case the decedent, during his lifetime, conveyed some land without consideration. An inheritance tax was assessed against this transfer as a gift made in contemplation of death on an application filed by the Tax Commission subsequent to the original determination of

the tax in the administration proceedings. The tax was assessed against the transferee and not against the executrix. Notice of the assessment of the tax was not given the executrix. The executrix filed a motion to vacate the order determining the tax on the ground that she had not been notified of the determination of the tax. This motion was overruled and the Court said:

"If she received no notice of the determination of the tax by the Court, no complaint can be made by her, as she, either personally or as executrix, assumed no liability for the amount of this tax. It was property that had never been in her possession as executrix, it having been conveyed prior to the death of Mr. Rutherford. * * *

It is true that the real estate so transferred by John Rutherford was not strictly an asset of his estate to be administered by the executrix; therefore, any tax assessed upon the succession is not chargeable to her as contemplated by §5336 GC."

These cases adhere to the principle that under the inheritance tax law of Ohio, the tax is assessed against the succession of an individual, and that the tax assessed thereon must be paid out of the property passing; and that the tax assessed against the succession of one beneficiary may not be paid out of the property passing to another beneficiary.

Furthermore, the theory that where an executor or administrator never had possession or control of the assets which were transferred prior to death, that he should not be liable for the tax on the succession thereto, is upheld. This theory seems to be sound and logical and in perfect harmony with the statute.

These principles just stated seem to contravene the theory of the attorney for the Department of Taxation, that the executor may sell so much of the decedent's estate as will enable him to pay all of the taxes levied under §5332 GC, including the portion levied by reason of gifts made in contemplation of death, and that the executor should first resort to the residuum, next to the other property, and last, if necessary, to the realty. In support of this theory, the attorney for the Department of Taxation cites, as heretofore pointed, the case of In re Deutz's. Estate, 105 New Jersey Eq. 671, but he fails to give any consideration to the difference existing between the Ohio statute and the New Jersey Act, both patterned after the old New York Inheritance Tax Law, that is, that the taxes levied under

the New Jersey Act constitute, "a lien on all property owned by the decedent as of the date of his death until paid or secured by bond". Whereas, the Ohio statute makes the tax a lien only on the property passing.

After careful consideration of the statute, this Court is unable to find that where, as in the case at bar, the executor by reason of the fact that the property, the succession to which is taxed, is not in his possession nor under his control, is unable to collect the inheritance tax imposed on the succession to such property under the inheritance tax law, the legislature has empowered such executor to pay the tax so assessed out of the residuum of the estate; and further, it is the opinion of the Court that in such circumstances the executor is not personally liable for the tax.

The primary liability for the payment of the inheritance tax falls on the successor, and the liability of the executor is secondary. Hence, if the property, the succession to which is taxed, is not in his possession, he cannot be held for the payment thereof, and the State must collect the tax from the successor.